UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CENTRIA HOME REHABILITATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>Defendant. | Case No. 25-10010<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL
(ECF NO. 15)**

## I.   Introduction and Background

For the second time, Centria Home Rehabilitation, LLC., sues State Farm Mutual Automobile Insurance Company for nonpayment and underpayment of automotive no-fault benefits for the care that Centria provides to Ashley Valle, who is insured by State Farm.  Valle is a ventilator-dependent, quadriplegic accident victim.  In May 2024, the jury in the first action awarded Centria its full-billed charges for Valle's care, finding that Centria's charges were reasonable.  ECF No. 20-2,

1

PageID.282.  State Farm has not disputed Centria's claim that its billing rates are unchanged from those that the jury found reasonable during the first trial.  But after the verdict, State Farm again withheld full payment of the amount Centria billed for Valle's care.  ECF No. 1-1, PageID.19.

State Farm says that it challenges the reasonableness of Centria's billing rates for services only after the May 2024 verdict.  ECF No. 15, PageID.120, 124-125.  But State Farm served Centria with interrogatories and requests for production of documents that asked for information about "each and every employee of [Centria who] provided care to Ashley Valle *since 2019*."  ECF No. 15-1, PageID.144 (emphasis added).  For the 12 employees Centria identified, State Farm asked for salary, wage, and employee benefits information; for the production of pay stubs; and for the "rates billed for services they provided to other patients, together with the corresponding dates of said treatment," for the same period.  *Id*., PageID.145, 148, 152.  And State Farm asked Centria to list the other costs it incurred providing Valle's care, and "any and all documents reflecting the cost of providing care to Ashley Valle since *January 1, 2019*."  *Id*., PageID.148, 156 (emphasis added).

After Centria objected to most of the discovery requests, State Farm moved to compel.  ECF No. 15.  The Honorable Nancy G. Edmunds

2

referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 16.  The Court held a hearing on October 8, 2025, and now **DENIES** State Farm's motion to compel.

II.     Analysis

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Under Rule 26(b)(1), "[t]he parties and courts share the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.,* 270 F.R.D. 298, 302 (S.D. Ohio, Oct. 7, 2010).

3

State Farm's requests for information for the period before May 2024 are not relevant because a jury already found Centria's rates before that date reasonable.  Under the doctrine of res judicata, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008).  The doctrine under Michigan law applies when: 1) the prior action was decided on the merits, 2) both actions involve the same parties or their privies, and 3) the matter in the second case was, or could have been, resolved in the first.  *Adair v. State of Michigan,* 470 Mich. 105, 121 (2004).  These elements are met here for the period before the May 2024 verdict.

But the jury did not decide the reasonableness of Centria's rates after the verdict because the Michigan's No-Fault Act does not allow claimants to seek payment for benefits before they become due:

> Michigan's no-fault act, M.C.L. § 500.3101 *et seq.,* does not permit claimants to file an action for benefits "before they have become due under the act." *Harris v. Mid–Century Health Ins. Co.,* 115 Mich.App. 591, 596, 322 N.W.2d 718 (1982). Section 3145 of the act indicates that an action may be brought for benefits "payable" under the Act. Personal protection insurance ("PIP") benefits, such as the attendant care service benefits at issue here, are "payable" as loss "accrues." M.C.L. § 500.3142. The act further provides that PIP benefits payable "accrue not when the injury occurs but as the allowable expense, work loss or survivor's loss is incurred." M.C.L. § 500.3110(4).

4

*Shures v. State Farm Mut. Auto. Ins. Co.,* No. 09-10514, 2009 WL 3052239, at *3 (E.D. Mich. Sept. 18, 2009).  Because the jury could not decide the reasonableness of Centria's rates for future periods, res judicata does not apply to the post-verdict period.  *Id*.

Even so, the doctrine of collateral estoppel may bar State Farm from relitigating the reasonableness of Centria's unchanged rates.  "Collateral estoppel precludes relitigation of an issue in a subsequent, different case between the same parties if the prior action resulted in a valid final judgment and the issue was actually and necessarily determined in the prior matter."  *Juzba v. State Farm Mut. Auto. Ins. Co.*, No. 283820, 2009 WL 794683, at *3 (Mich. Ct. App. Mar. 26, 2009) (citing *Monat v. State Farm Ins. Co.,* 469 Mich. 679, 692–693 (2004)).  The doctrine "is intended to relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions."  *Id*.

"To be necessarily determined in the first action, the issue must have been essential to the resulting judgment."  *Id*. (citing *Bd of Co. Rd. Comm'rs for the Co. of Eaton v. Schultz,* 205 Mich. App. 371, 377 (1994)).  The ultimate issue in both cases must be the same.  *Id*.  Finally, "the same parties must have had a full opportunity to litigate the issue in the prior

5

proceeding, and there must be mutuality of estoppel." *Id*.  Those requirements are met here.

As in *Juzba*, this "case is essentially a continuation of an established lawsuit," as both cases involve the same insured, the same medical provider, and the same billing rates.  The parties litigated and a jury determined that the rates Centria charged for Valle's care were reasonable.  And the determination of the reasonableness of Centria's rates—the same issue here—was essential to the resolution of Centria's claim for no-fault benefits.  "There are no new causes of action or theories plead, and the case involves the same defendant cutting off the same benefits litigated previously."  *Id.* at *4.  So collateral estoppel should bar State Farm from again challenging the reasonableness of Centria's unchanged rates for services.

Even if Judge Edmunds declines to apply collateral estoppel here, State Farm has not shown that the detailed data about Centria's employee and other costs are relevant or proportional to the needs of this case.  State Farm proffered no evidence that an expert testifying about the reasonableness of Centria's rates would rely on the specific data requested.  The Michigan Court of Appeals did state in *Hardrick v. Auto Club Ins. Ass'n* that "an agency rate for attendant-care services, routinely

6

paid by a no-fault carrier, is a piece of evidence that throws some light, *however faint*, on the reasonableness of a charge for attendant-care services." 294 Mich. App. 651, 669 (2011) (emphasis added). But the "faint" relevance does not mean that the requested information is proportional to the needs of the case.

First, in *Hardrick*, the opinion evidence at issue was that the care ranged from $25 to $45 an hour. *Id*. at 658. *Hardrick* does not support the broad range of requests for employee salary, wage, and benefit information; other costs; and production of "any and all documents" supporting those costs. ECF No. 15-1, PageID.145, 148, 152, 156. And the Court of Appeals later seemed to discourage "open[ing] the door to nearly unlimited inquiry [by the insurer] into the business operations of a provider, including into such concerns as employee wages and benefits." *Bronson v. Methodist Hosp. v. Auto-Owners Inc. Co*., 295 Mich. App. 431, 451 (2012).

In sum, despite any faint relevance of the costs of Valle's care, State Farm failed to show that its requests are proportional to the needs of the case.

### III. Conclusion

The Court **DENIES** State Farm's motion to compel (ECF No. 15).

|  |  |
|---|---|
| Dated: October 13, 2025 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager