UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CENTRIA HOME REHABILITATION, LLC,<br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>Defendants. | Case No. 25-10010<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 29), AND DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL (ECF NO. 27) AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF NO. 34)**

## I. Introduction

Centria Home Rehabilitation, LLC ("Plaintiff" or "Centria"), initiated this action against State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") in Washtenaw County Circuit Court. ECF No. 1-1, PageID.16–21. Plaintiff brought this action for alleged nonpayment and underpayment of automotive no-fault benefits for the care that it provides to the Defendant's insured, Ashley Valle ("Valle"). *Id.* Defendant timely removed this matter, pursuant to Title 28, United States Code, Sections 1332, 1441, and 1446. ECF No. 1.

Centria moved for partial summary judgment. ECF No. 29. The motion is fully briefed, including supplemental briefing, and the Court heard oral arguments, *see* ECF Nos. 33, 38, 44, making the matter ripe for decision. For the reasons discussed below, the Court grants Centria's motion.

## II. Background

Valle was catastrophically injured in a 2017 automobile accident. ECF No. 30-11, PageID.1033, 1066. The accident occurred when the car she was traveling in was rear-ended by another car traveling at 70 miles per hour. *Id.* at PageID.1066. The impact of the collision broke Valle's neck and left her paralyzed from the upper shoulders down. *Id*.

Because of her paralysis, Valle now requires a ventilator to breathe and 24/7 attendant care for all of her daily needs. *Id.* at PageID.1066–72. To meet Valle's needs, not only must her care team feed, bathe, dress, drive, and provide for her restroom usage, but they must also medically intervene whenever her ventilator system malfunctions or when mucus plugs her airways. *Id.*

At the time of her accident, Valle maintained no-fault insurance through State Farm. ECF No. 1-3, PageID.27. As Valle's no-fault insurer, State Farm must pay for certain accident-related benefits, including "all

reasonable charges incurred for reasonably necessary products, services and accommodations for [Valle's] care, recovery or rehabilitation." M.C.L. § 500.3107(1)(a). Centria is a home healthcare provider who, at all times relevant, has provided for Valle's post-accident care. ECF No. 29, PageID.680.

Centria previously sued State Farm over nonpayment and underpayment of benefits for Valle's post-accident care. ECF No. 33, PageID.1363. That case, which concerned costs for care Plaintiff provided to Valle through May 9, 2024, was litigated in Washtenaw County Circuit Court. *Id.* The jury awarded Centria full costs plus interest. ECF No. 20-2, PageID.281–82. On June 13, 2024, judgment was entered in Centria's favor. ECF No. 20-5, PageID.315–16. The parties resolved the case through a June 13, 2024 stipulation that deemed the judgment amount satisfied pursuant to a confidential settlement agreement. ECF No. 20-6, PageID.318–19.

In the instant matter, Centria again brings suit against State Farm over nonpayment and underpayment of benefits for Valle's post-accident care. ECF No. 1-1. This time, however, Centria's claim concerns care provided to Valle on or after May 10, 2024. *Id.* at PageID.18–20. Plaintiff now moves for partially summary judgment on its claim. ECF No. 29.

In its motion, Centria contends that it is entitled to partial summary judgment as to the issue of the reasonableness of the rates it charges for the care it provides Valle. Centria argues that issue preclusion precludes the relitigation of the reasonableness of its rates because that issue was conclusively litigated in its prior suit against State Farm. ECF No. 29, PageID.680–82.

State Farm contends in opposition that collateral estoppel does not apply to Centria's claim. ECF No. 33, PageID.1362. It additionally contends that, even if collateral estoppel could apply, "Plaintiff's argument still fails because a confidential settlement was reached in the prior litigation that amended and superseded the judgment on jury verdict entered in that matter." *Id.*

## III. Discussion

### A. Standard of Review

Summary judgment is appropriate where the evidence in the record, viewed in its entirety, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "The moving party bears the burden of showing that no genuine issues of material fact exist." *Scott v. First S. Nat'l*

*Bank*, 936 F.3d 509, 516–17 (6th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986)).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party, who must come forward with "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 322–23. In reviewing a motion for summary judgment, courts are to "view the factual evidence and draw all reasonable inferences in favor of the non-moving party." *Williams v. Mauer*, 9 F.4th 416, 430 (6th Cir. 2021) (citation omitted). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251 (1986). The party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252. The ultimate question for the court to determine "is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Payne v.*

*Novartis Pham. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014) (citing *Anderson*, 477 U.S. at 255).

**B. Plaintiff has proven that the reasonableness of its rates was conclusively determined in previous litigation**

Plaintiff specifically argues that, pursuant to the doctrine of collateral estoppel, it is entitled to summary judgment on the dispositive issue of the reasonableness of its rates, because it contends the issue was conclusively decided by a verdict and judgment in a prior litigation. ECF No. 29, PageID.680–91. In opposition, Defendant argues that collateral estoppel does not apply because Plaintiff seeks benefits that were not the subject of the prior litigation, a confidential settlement between the parties vacated the judgment in that action, and Centria's care costs have since decreased. ECF No. 33, PageID.1364–70; ECF No. 47, PageID.1477–81. The Court finds that the issue of the reasonableness of Centria's rates was conclusively determined in the prior litigation between the parties.

Because a Michigan court issued the judgment in the underlying case between the parties, the Court looks to Michigan law to determine its preclusive effect. *Moore, Successor Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp.*, 988 F.3d 353, 357 (6th Cir. 2021) ("Federal courts give the same preclusive effect to a state-court judgment as that judgment would receive in the rendering state."). Under Michigan law, the

party asserting issue preclusion bears the burden of demonstrating that the issue sought to be precluded involves three elements: "(1) 'a question of fact essential to the judgment [which] . . . [was] actually litigated and determined by a valid and final judgment'; (2) 'the same parties . . . [who] had a full [and fair] opportunity to litigate the issue'; and (3) '. . . mutuality of estoppel.' " *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 700 F. App'x 484, 490 (6th Cir. 2017) (quoting *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845–46 (Mich. 2004)) (fourth alteration in original). State Farm only contests the first element. ECF No. 33, PageID.1364–70.

As shown below, the reasonableness of Centria's fees was a litigated issue essential to a valid and final judgment in the previous case between the parties. Under the first issue preclusion factor, Centria must show that the question of fact it now seeks judgment on, *i.e.*, the reasonableness of its fees, is identical to an issue " 'essential to the final judgment[]' " in the prior action. *W.J. O'Neil Co.*, 700 F. App'x at 490 (quoting *Thomas v. Miller Canfield Paddock & Stone*, 2014 WL 5358392, at *7 (Mich. Ct. App. 2014)). On this score, Centria argues that the previous matter between the parties litigated and established the reasonableness of Centria's current rates, that this issue was central to a jury verdict and judgment in Centria's favor, and

that its rates and Valle's medical needs are both the same as they were before. ECF No. 29, PageID.684.

Centria offers a wealth of evidence in support of its position. First, Centria offers evidence establishing that the reasonableness of its billing rates was a major point of contention in the prior action, that considerable evidence of Centria's rates was produced to the jury, that the jury was made aware that the award Centria sought was calculated based on its rates, and critically, that the jury delivered a verdict in Centria's favor for the full award amount after finding that Centria's rates were reasonable. ECF No. 29, PageID.684–86; ECF No. 20-1, PageID.240; ECF No. 20-2, PageID.281–82; ECF No. 20-7, PageID.506–07; ECF No. 30-1, PageID.697; ECF No. 30-2, PageID.699–702; ECF No. 30-3, PageID.704–06; ECF No. 30-4, PageID.708–16. Second, Centria has produced evidence establishing that the court subsequently entered judgment in its favor, saying "the judgment as to the jury's verdict is final." ECF No. 20-5, PageID.315–16. Third, Centria points to evidence showing that the court entered a stipulated final order deeming the judgment "satisfied" as to claims and costs between the parties and amended only "to the extent necessary" to accommodate the parties' settlement agreement. ECF No. 20-6, PageID.318–19. Finally, Centria has produced evidence

demonstrating that its rates and Valle's medical needs have not changed. *Compare* ECF No. 30-2, PageID.699–702, *and* ECF No. 30-3, PageID.704–06, *and* ECF No. 30-9, PageID.865, *with* ECF No. 30-6, PageID.740, *and* ECF No. 30-7, PageID.747–49, *and* ECF No. 30-8, PageID.863.

In total, the evidence produced by Centria shows that the reasonableness of its rates was heavily disputed by State Farm in the previous case. It also shows that, using evidence offered by Centria, the jury sided in Centria's favor on the issue, and that the court thereafter entered judgment. Finally, this evidence shows that Valle's medical needs and Centria's rates remain the same. Centria has therefore met its evidentiary burden to show that issue preclusion applies to the question of the reasonableness of its rates. *W.J. O'Neil Co.*, 700 F. App'x at 490–92.

State Farm offers no competing evidence to directly rebut Centria's evidentiary showing. Instead, State Farm first argues that because the jury's verdict in the previous case only covered expenses up to May 9, 2024, that issue preclusion cannot apply to the current reasonableness of Centria's rates. ECF No. 33, PageID.1366–68. However, this argument, and the cases State Farm cites in support of it, miss the mark.

The authority State Farm relies on for its first argument holds little precedential value under the circumstances. For instance, State Farm cites to four unpublished decisions from this Court that purportedly support its position. *See* ECF No. 33, PageID.1366–68 (citing *Villaflor v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 11355457 (E.D. Mich. Dec. 10, 2008), *Villaflor v State Farm Mut. Auto. Ins. Co.*, 2011 WL 13161247 (E.D. Mich. June 17, 2011), *Morales v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 13217831 (E.D. Mich. July 5, 2011), and *Warren v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 1267579 (E.D. Mich. April 30, 2007)). But these decisions either do not involve issue preclusion, or they involve facts irreconcilable with those now before the Court. *See Villaflor*, 2008 WL 11355457, at *2 (concluding that, unlike here, because "the jury in the prior action did not [necessarily] decide any 'rate' of attendant care," that, among other things, issue preclusion was inapplicable); *Villaflor*, 2011 WL 13161247, at *3 (same); *Morales*, 2011 WL 13217831, at *3 ("[T]he undersigned can only conclude that little can be gleaned from the jury verdict as to what the jury found to be reasonably necessary such that collateral estoppel could be applied."); *Warren*, 2007 WL 1267579, at *5 (only analyzing the plaintiff's claims in the context of *res judicata*). The same is true of the published Michigan Court of Appeals decision to which

State Farm cites, as that case likewise does not involve issue preclusion. *See generally Elser v. Auto-Owners Ins. Co.*, 654 N.W.2d 99 (Mich. Ct. App. 2002).

Moreover, State Farm's argument elides the differences between issue preclusion and claim preclusion. In Michigan, as everywhere else, *res judicata* bars *claims* that were previously litigated and conclusively decided in prior litigation. *See Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012) (describing the conditions where *res judicata* applies under Michigan law). By contrast, "[c]ollateral estoppel, or issue preclusion, precludes relitigation of an [essential] *issue*" that was previously litigated and conclusively determined in a prior, related case. *W.J. O'Neil Co.*, 700 F. App'x at 490 (emphasis added). Failing to recognize this important distinction between the two doctrines, State Farm erroneously argues that issue preclusion does not apply to the reasonableness of Centria's rates because Centria's claims for costs in the prior litigation did not cover future claims for costs. ECF No. 33, PageID.1364–70. However, the nature of Centria's *claims* is not determinative in the issue preclusion context; rather, issue preclusion depends on whether it is shown that an essential *issue* was previously and conclusively litigated in a prior case. And as shown

above, Centria has established that the reasonableness of its rates was an essential issue that was previously and conclusively litigated.

State Farm, in further support of its position, argues that because the judgment in the previous case was amended through settlement, that it was therefore vacated. ECF No. 33, PageID.1368–70. First, State Farm cites no authority for the proposition that amending a judgment through settlement, without more, results in a vacated judgment. *Id.* Second, the order amending the judgment undermines this contention. The terms of that order presuppose the continued validity of the original judgment by stating: "[t]he Judgment previously entered in this action is hereby deemed satisfied" and the judgment is amended only "[t]o the extent necessary[.]" ECF No. 20-6, PageID.319. Lastly, even if the judgment had been vacated by settlement, State Farm's argument would still fail, because Michigan law recognizes the preclusive effect of judgments "even though they are set aside or vacated upon settlement." *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 427 (6th Cir. 2018); *see also Radwan v. Ameriprise Ins. Co.*, 933 N.W.2d 385, 390–92 (Mich. Ct. App. 2018) (adopting the analysis used in *Watermark*).[1]

---

[1] In its supplemental briefing on the topic of *Watermark* and *Radwan*, State Farm weakly argues that neither case is controlling. First, it attempts to distinguish the claims in those cases, saying that, in contrast to the no-fault

Finally, State Farm argues that Centria's rates cannot be reasonable today because "Centria's current costs of providing care are far lower now than they were determined to be [by] the 2024 jury." ECF No. 47, PageID.1477. There is some authority for the proposition that evidence of a change in circumstances or costs can call into question the preclusive effect of rates previously found to be reasonable. *See Bonkowski v. Allstate Ins. Co.*, 544 F. App'x 597, 604–07 (6th Cir. 2013) (concluding that evidence showing that the insured convalesced rendered the jury's verdict as to the previous rates for his care outdated). However, State Farm has failed to provide evidence showing a change in circumstances or costs.

---

claim at the heart of the instant matter, those cases involved claims with liability determinations. ECF No. 46, PageID.1469. However, nothing in either case indicates that their holdings on collateral estoppel—a doctrine with broad application—are exclusively cabined to the category of claims therein. *See generally* 905 F.3d at 427; 933 N.W.2d at 390–92. Second, State Farm attempts to distinguish the nature of the collateral estoppel at issue in *Watermark* and *Radwan*, contending that it was being used defensively in those cases, not offensively as it is here, and that it would be inequitable to apply the doctrine in these circumstances. ECF No. 46, PageID.1472–73. Although it is true that Centria is asserting collateral estoppel offensively here, nothing in either *Watermark* or *Radwan* stands for the proposition that under Michigan law, using collateral estoppel offensively is inequitable. *See generally* 905 F.3d at 427; 933 N.W.2d at 390–92. In fact, the Sixth Circuit indicated in *Watermark* that where, like here, a party "elects to settle rather than appeal after receiving an adverse judgment[,]" there can be no lingering questions about fairness, because "[o]ne bite at the apple is enough." 905 F.3d at 429 (internal quotations omitted).

Instead of submitting evidence showing that Centria's rates have decreased or that circumstances changed, State Farm has submitted evidence disputing the reasonableness of Centria's rates. First, it submitted a report by Dr. David C. Grabowski, a professor in the Department of Health Care Policy at Harvard Medical School, containing Dr. Grabowski's opinion that the 15-minute increments Centria bills in are "inconsistent with Medicare practice[,]" and that Centria's per hour billing rates for Valle's care are beyond "average labor costs in Michigan[.]" ECF No. 47-1, PageID.1503–04. Second, State Farm has provided evidence of public job postings that advertise Centria as paying "private duty home health aides" between $16-18 dollars an hour and "home health nurses" between $28-33 dollars an hour. ECF No. 47-2, PageID.1573; ECF No. 47-3, PageID.1579. Together, this evidence only suggests that Centria's billing methods and rates for the care it provides Valle are outside the norm, and that, in general, certain home health care positions offered by Centria may pay anywhere from $16-33 dollars an hour. Nothing in this evidence suggests that Centria's billing methods or the pay it offered for home health care workers changed after May 2024. In other words, this evidence represents State Farm's last-ditch effort to convince the Court that Centria's rates are unreasonable.

As explained earlier, however, the Court is not entitled to second-guess the jury's conclusion that Centria's rates are reasonable unless State Farm can first show that those rates may have decreased or that there has been a change in circumstances. And because State Farm has not shown either of these things, the jury's conclusion that Centria's rates are reasonable remains determinative. *See Bonkowski*, 544 F. App'x at 606 ("Under these circumstances, where a jury previously determined the necessity and reasonableness of plaintiff's treatment, where plaintiff presented an affidavit to establish the continued necessity and reasonableness of the treatment, and where State Farm failed to present documentary evidence to contradict plaintiff's documentary evidence, the trial court properly granted summary disposition in favor of plaintiff . . . .") (quoting *Juzba v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 794683 at *4 (Mich. Ct. App. Mar. 26, 2009)) (emphasis omitted).

To conclude, Centria met its evidentiary burden to prove issue preclusion on the fact of the reasonableness of its rates, and State Farm failed to rebut it with contrary evidence or authority. Accordingly, Centria's motion for partial summary judgment succeeds.

## IV. Conclusion

For the reasons discussed above, the Court **GRANTS** the Plaintiff's motion for partial summary judgment. ECF No. 29. Because this order resolves the issue of the reasonableness of Centria's rates in its totality, the Court **DENIES AS MOOT** State Farm's motion to compel depositions of Centria's staff, and Centria's motion for protective order. ECF Nos. 27, 34.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 22, 2026